UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**STATE NATIONAL INSURANCE**
**COMPANY, INC.**                                                                                                **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 1:20-CV-309-TBM-RPM**

**CAMALEON PAINT SERVICES AND**
**MORE LLC** *and* **LETICIA JUAREZ**                                                             **DEFENDANTS**

### ORDER SETTING ASIDE CLERK'S ENTRY OF DEFAULT; DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT AS MOOT; AND DENYING MOTION TO WITHDRAW DOCUMENTS

This matter comes before the Court on the Plaintiff's *Ex Parte* Motion to Withdraw Record Documents 22-26 [30] filed on November 22, 2021. The Plaintiff explained in its motion that it "has recently discovered that service may not have been properly perfected on Defendant, Camaleon Paint Services and More LLC [hereinafter 'Camaleon']." [30], pg. 1. Thus, the Plaintiff requests that the following documents "be withdrawn":

- Return of Service Camaleon Paint Service [22];
- Motion for Entry of Default [23];
- Clerk's Entry of Default [24];
- Motion for Entry of Default Judgment [25]; and
- Memorandum in Support of Motion for Entry of Default Judgment [26].

For the following reasons, the Court—construing the motion as a motion to set aside the entry of default—sets aside the Clerk's Entry of Default [24]. Further, rather than removing the Plaintiff's Motion for Entry of Default Judgment [25] and the supporting memorandum from the record, the Court denies the Plaintiff's Motion for Entry of Default Judgment [25] as moot. Finally, the Court denies withdrawal of the other documents from the record.

## I. BACKGROUND

The Plaintiff filed its Complaint [1] on October 1, 2020. Before it served the Defendants, the Plaintiff filed an Amended Complaint [7] on January 20, 2021. The Plaintiff claims it then served the First Amended Complaint on Rodrigo Lopez—who the Plaintiff alleges is Defendant Camaleon's registered agent for service of process. *See* [29], pg. 1. The record does not reflect that the summons was returned executed. Defendant Camaleon did not file an answer. After getting permission from this Court, the Plaintiff filed a Second Amended Complaint [19] on May 18, 2021. The Plaintiff attempted to serve the Second Amended Complaint on Defendant Camaleon; however, the executed Summons [22] reflects that the Plaintiff served Maria Lopez, Rodrigo Lopez's wife, instead of Rodrigo Lopez. *See* [29], pg. 1.

A little less than a month after it filed its Second Amended Complaint, and over eight months since it filed its original Complaint, the Plaintiff filed a Motion for Entry of Default [23] against Defendant Camaleon. The Clerk entered Default against Defendant Camaleon the same day. [24]. Soon thereafter, the Plaintiff filed a Motion for Entry of Default Judgment [25]. Now, having discovered its error in perfecting service, the Plaintiff filed a Motion for Additional Time to Re-Serve Defendant [29] along with the instant Motion to Withdraw Record Documents 22-26 [30].

## II. CLERK'S ENTRY OF DEFAULT

Turning first to the Plaintiff's request to "withdraw" the Clerk's Entry of Default [24], the Court will construe this request as a motion to set aside the entry of default. Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause."

The Fifth Circuit has examined the following factors when determining whether to set aside a default: (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Matter of Dierschke*, 975 F.2d 181, 183-84 (5th Cir. 1992)). Ordinarily, a motion to set aside a default is brought by a defendant—not a plaintiff. In light of the Plaintiff's request to set the default aside, and after considering these factors, the Court finds good cause to set aside the Clerk's entry of default. Accordingly, the motion to set aside the Clerk's Entry of Default [24] against Defendant Camaleon will be granted.

### III. MOTION FOR ENTRY OF DEFAULT JUDGMENT

The Plaintiff requests to withdraw its Motion for Entry of Default Judgment [25] against Defendant Camaleon and its Memorandum in Support of Motion for Entry of Default Judgment [26]. Considering the Plaintiff's request and having set aside the Clerk's Entry of Default against Defendant Camaleon, the Court agrees that the Plaintiff's Motion for Entry of Default Judgment is moot. However, the Court sees no reason to remove the motion and its supporting memorandum from the record. Instead, the Court finds that the Plaintiff's Motion for Entry of Default Judgment [25] should simply be denied as moot.

### IV. OTHER DOCUMENTS ON THE RECORD

The Plaintiff also requests to withdraw two other documents from the record, namely the Return of Service Camaleon Paint Service [22] and its Motion for Entry of Default [23]. The Court acknowledges that the Plaintiff now avers that it failed to properly perfect service on Defendant Camaleon, and thus believes that these documents were filed in error. However, having set aside the Clerk's Entry of Default at the Plaintiff's request, the Court finds no reason to remove these

two documents from the record. The Plaintiff's request to withdraw the Return of Service Camaleon Paint Service [22] and its Motion for Entry of Default [23] is denied.

## V. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that, for the reasons stated above, that the Plaintiff's *Ex Parte* Motion to Withdraw Record Documents 22-26 [30] is GRANTED in part, and the Clerk's Entry of Default [24] against Defendant Camaleon is SET ASIDE.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff's *Ex Parte* Motion to Withdraw Record Documents 22-26 [30] is DENIED in part, and the Return of Service Camaleon Paint Service [22], its Motion for Entry of Default [23], its Motion for Entry of Default Judgment [25], and its Memorandum in Support of Motion for Entry of Default Judgment [26] will not be withdrawn.

IT IS FUTHER ORDERED AND ADJUDGED that the Plaintiff's Motion for Entry of Default Judgment [25] is DENIED as moot.

THIS, the 13th day of December, 2021.

                                                TAYLOR B. McNEEL
                                                UNITED STATES DISTRICT JUDGE