IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**STATE NATIONAL INSURANCE**
**COMPANY, INC.**                                                                                                  **PLAINTIFF**

v.                                                                                                       1:20-cv-309-TBM-RPM

**CAMALEON PAINT SERVICES AND**
**MORE, LLC** *and* **LETICIA JUAREZ**                                                          **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**
**<u>GRANTING MOTION FOR DEFAULT JUDGMENT</u>**

  This is a declaratory judgment action brought by State National Insurance Company, Inc. ("State National") asking the Court for a determination that there is no coverage obligation as to Camaleon Paint Services and More, LLC ("Camaleon") and Rodrigo Lopez. This case arises out of an accident on the jobsite where Leticia Juarez was allegedly injured when she fell off a ladder. [1-1]. Juarez filed her first suit against Camaleon and Lopez on August 5, 2020, in the Circuit Court of Harrison County, Mississippi. [1-1]. State National had previously issued a policy of Commercial General Liability insurance to Camaleon that contained a Workers' Compensation Exclusion and an Exclusion as to "Bodily Injury to Employees." [1], pg. 4.

  State National filed this declaratory judgment action in this Court on October 1, 2020. [1]. On December 17, 2020, State National sought leave to amend its complaint for declaratory judgment to remove Lopez as a defendant since he filed for bankruptcy as well as to include that the involved parties in the state court case filed an Agreed Stipulation of Dismissal Without Prejudice and dismissed Juarez's suit on November 6, 2020. [5], pg. 2. Thereafter, Juarez filed a second suit against Camaleon in the Circuit Court of Harrison County on April 9, 2021, seeking to recover damages for personal and bodily injuries arguing that her injuries are not covered by the

Mississippi Worker's Compensation Act. [19], pg. 4. On May 13, 2021, State National filed a Motion to Amend/Correct [16] its Amended Complaint, which was granted, and the Amended Complaint was filed on May 18, 2021. [19]. State National requested an entry of default against Camaleon on January 10, 2022. [33]. The Clerk made an Entry of Default [34] as to Camaleon on January 13, 2022. On January 24, 2022, State National filed a Second Motion for Default Judgment against Camaleon. [35]. Upon reviewing State National's Motion [35], to which no responses were filed, and in light of the Stipulation of No Coverage [37] filed by Juarez on April 12, 2022, the Motion for Default Judgment [35] is granted.

## I. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure authorizes this Court to enter a default judgment where a defendant fails to plead or otherwise defend itself. FED. R. CIV. P. 55(b). The Fifth Circuit and other courts in this District have recognized the applicability of this Rule to declaratory judgments, including where an insurer requests a declaratory judgment regarding its duties under an insurance policy. *SUA Ins. Co. v. Buras*, No. 10-60663, 421 Fed. App'x. 384, 2011 WL 1304884 at *2 (5th Cir. Apr. 6, 2011) (non-precedential opinion holding that an insured forfeited his right to argue that the insurer had a duty to defend and indemnify him when he failed to answer the insurer's complaint). *See, e.g., Progressive Gulf Ins. Co. v. Reed*, No. 3:14-cv-400-CWR, 2014 WL 11515599 (S.D. Miss. Dec. 1, 2014); *Allstate Ins. Co. v. Hill*, No. 1:11-cv-156-LG,

2011 WL 2693970 (S.D. Miss. Jul. 11, 2011); *see also Progressive Gulf Ins. Co. v. Tallaha Loggers, Inc.*, No. 2:05-cv-39-KS, 2006 WL 839470 (N.D. Miss. Mar. 28, 2006). [1]

## II. DISCUSSION AND ANALYSIS

State National seeks a default judgment as to its declaratory judgment that it has no obligation to defend or indemnify Camaleon and no duty to indemnify any party in relation to the claims asserted. State National's policy includes a "Bodily Injury to Employees" exclusion. [1], pg. 4. The policy "excludes coverage for 'bodily injury' to: an 'employee' of any insured arising out of and in the course of: [e]mployment by any insured; or [p]erforming duties related to the conduct of an insured's business." *Id*. State National asserts that there is no coverage for the underlying litigation because the Workers' Compensation Exclusion and the Exclusion for Bodily Injury to Employees endorsement precludes coverage. [1], pg. 5.

State National has demonstrated that the Motion filed in this lawsuit was served personally on Camaleon. [36], pg. 2. Juarez has entered a Stipulation of No Coverage [37]. Camaleon has not filed an answer or other pleading in response. Therefore, the Court finds that State National is entitled to default judgment as to its request for a declaratory judgment.

---

[1] "In a declaratory judgment action brought by an insurer to determine coverage under a liability policy issued to the insured, third parties claiming liability in state tort suits against the insured have been held to be proper parties to the declaratory suit, even though their claims against the insurer [were] contingent upon recovery of a judgment against the insured." *Travelers Cas. And Sur. Co. v. Mississippi Valley Silica Co., Inc.*, 2013 WL 6046058 (S.D. Miss. Nov. 14, 2013) (unreported).

## III. CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Default Judgment [35] filed by State National is GRANTED. State National is entitled to a declaratory judgment that it has no obligation to defend or indemnify Camaleon.

**SO ORDERED AND ADJUDGED** this the 19th day of May, 2022.

  _____
  TAYLOR B. McNEEL
  UNITED STATES DISTRICT JUDGE